IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAFIYQ DAVIS,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4686 |
| | : | |
| **JANE DOE,** *et al.* | : | |
| Defendants. | : | |

**MEMORANDUM**

**GOLDBERG, J.**                                                                                                                              **April 8, 2024**

Pro se Plaintiff Rafiyq Davis brings this civil action alleging claims against attorneys involved in prior federal civil matters he filed. Davis seeks to proceed in forma pauperis. For the following reasons, I will grant Davis leave to proceed in forma pauperis and dismiss his Complaint.

**I.    FACTUAL ALLEGATIONS**[1]

Davis names as Defendants two Jane Doe attorneys who represented him in a prior civil action filed in this Court that involved a settlement conference. (Compl. at 2.)[2] He also names as

---

[1] The factual allegations are from Davis's Complaint. (ECF No. 2.) Page numbers refer to those supplied by the CM/ECF docketing system.

[2] Davis provides no details about the prior civil action with which the Jane Doe attorney Defendants were involved, including its caption and civil action number, the claims and defendants involved, the outcome, and when the civil action allegedly took place. For these reasons, I am unable to assess whether any claims relating to Defendants' involvement in that civil action are timely asserted. A review of public dockets shows that from 2009 through 2015, Davis filed at least five other civil rights actions in the Eastern District of Pennsylvania. See Davis v. Deputy Warden Moore, et. al., No. 09-4442 (E.D. Pa); Davis v. City of Philadelphia, et al., No. 13-6973 (E.D. Pa.); Davis v. Palma, et al., No. 14-3978 (E.D. Pa.); Davis v. Wenerowicz, et al., No. 14-4974 (E.D. Pa.); and Davis v. DRC Gaudenzia Inc., et al., No. 15-1020 (E.D. Pa.). Of the prior civil rights cases, three involved settlement conferences: Moore, No. 09-4442; Palma, No. 14-3978; and Wenerowicz, No. 14-4974. To the extent Davis bases his claims in this lawsuit on the events that took place during any of those three cases, the claims would be time-barred. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (statute of limitations for § 1983 claims is governed by

Defendants the "Deputy Attorney General" and the Office of the Attorney General. (Id.) Davis alleges that the two Jane Doe attorneys were associated with the law firm Dechert LLP and "accepted [his] case through the extranet . . . for settlement purposes." (Id. at 3.) He further alleges that during the settlement conference in that case, the Jane Doe attorneys "did not represent [him] at all" and did not "provide any legal advice." (Id.) Rather, they "just [sat] there listening to the negotiations" while Davis spoke to the other attorneys. (Id.) Davis further states that the Jane Doe attorneys "were bribed" and that they "violated [his] confidentiality" by "placing [this lawsuit] on the internet." (Id. at 3-4.) He states that the attorneys attended the settlement conference by phone, which "left [Davis] representing [himself]." (Id. at 4.) Davis states that the Jane Doe attorneys violated his constitutional rights, including those protected under the First, Second, Fifth, Sixth, and Fourteenth Amendments.

Davis's allegations against the "Deputy Attorney General" and the "Office of the Attorney General" are less clear. He alleges that in two separate civil actions he filed, which were unrelated to the action involving the two Jane Doe attorneys, the Deputy Attorney General and the Office of the Attorney General served as defense counsel "knowing that they were not lawyers." (Id. at 6.) The two legal matters are: Davis v. Mooney, et al., No. 14-1423 (M.D. Pa.), and Davis v. Pennsylvania Department of Corrections, No. 17-846 (E.D. Pa.). Davis states that the Deputy Attorney General and the Office of the Attorney General's representation of defendants in these underlying civil actions was "illegal" and "criminal." (Compl. at 6.) Davis also alleges that the Deputy Attorney General and the Office of the Attorney General "placed [his] information on the

---

the personal injury tort law of the state where the cause of action arose, and that Pennsylvania has a two-year statute of limitations for personal injury actions).

internet," which "violated [his] privacy and confidentiality." (Id.) Davis seeks money damages. (Id. at 8.)

## II.  STANDARD OF REVIEW

I will grant Davis leave to proceed in forma pauperis because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that Davis's Complaint be dismissed if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021) (quoting Perez v. Fenoglio, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. Iqbal, 556 U.S. at 678.

Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); Group Against Smog and Pollution, Inc. v. Shenango, Inc., 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing

3

DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006))). As Davis is proceeding pro se, I construe his allegations liberally. Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021) (citing Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

#### A. Claims against Jane Doe Attorneys

Davis appears to assert claims against two private attorneys who represented him in a prior undisclosed civil matter involving a settlement conference. I understand Davis to assert constitutional claims against Defendants pursuant 42 U.S.C. § 1983, which is the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added). Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." Kach, 589 F.3d at 646 (internal quotations and alteration omitted).

Privately retained or court-appointment attorneys—such as the two Jane Doe attorneys named in this case—are generally not considered state actors when "performing their traditional functions" as attorneys. Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999); see also Gannaway v. Stroumbakis, 842 F. App'x 725, 730 (3d Cir. 2021) (noting that "[a] privately retained attorney clearly does not act under color of state law, and . . . that 'no color of state law attache[s] to the functions of court-appointed counsel.'" (citation omitted)); Ellison v. Smith, 778 F. App'x 195, 196 (3d Cir. 2019) (per curiam) (affirming dismissal of § 1983 complaint where the entirety of complaint centered on defendants performing their roles as attorneys in criminal proceedings and were thus not acting under color of state law); Turack v. Guido, 464 F.2d 535, 536 (3d Cir. 1972) ("The claims against appellant's own attorney are essentially malpractice contentions and do not allege a deprivation of civil rights under color of state law."); Clark v. Punshon, 516 F. App'x 97, 99 (3d Cir. 2013) (per curiam) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); Singh v. Freehold Police Dep't, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by [his attorney] does not provide a basis for a civil rights claim against him."). The Jane Doe attorney Defendants appear to have been appointed through the Court's Prisoner Civil Rights Panel program. The allegations in the Complaint describe Defendants performing traditional legal-related functions in representing Davis in his civil suit. Nothing in the Complaint raises a plausible inference that there was "such a close nexus between the State and the challenged action" to convert the Jane Doe attorneys' private representation of Davis in the civil matter into state action subject to liability under § 1983. Accordingly, the § 1983 claims against the two Jane Doe attorney Defendants will be dismissed.

### B. Claims against the Deputy Attorney General and the Office of the Attorney General

Davis alleges that the Deputy Attorney General and the Office of the Attorney General represented Defendants in two civil matters filed by Davis; however, they were not attorneys, so the representation was "illegal." (Compl. at 6.) Davis also alleges that these Defendants violated his privacy and confidentiality by allowing the case information "to be on the public internet." (Id.) The claims against the Attorney General Defendants must also be dismissed.

First, to the extent that Davis intends to assert constitutional claims against these Defendants under § 1983, the Office of the Attorney General is entitled to Eleventh Amendment immunity and, accordingly, is not a "person" subject to liability under § 1983. Lavia v. Pennsylvania, Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000); Malcomb v. Beaver County Penn. (Prothonotary), 616 F. App'x 44, 45 (3d Cir. 2015) (per curiam) (affirming dismissal of § 1983 claims against the Pennsylvania Attorney General's Office because it is "immune from [plaintiff's] § 1983 claims under the Eleventh Amendment"); Wattie-Bey v. Att'y Gen.'s Off., 424 F. App'x 95, 97 (3d Cir. 2011) (per curiam) (dismissing claims against Pennsylvania Attorney General's Office under the Eleventh Amendment). In addition, any official capacity claims against the Deputy Attorney General, an employee of the Attorney General's Office, are in actuality, claims against the Commonwealth and are similarly barred under the Eleventh Amendment. See Addlespurger v. Corbett, 461 F. App'x 82, 86 (3d Cir. 2012) ("As to the State defendants, to the extent they were sued in their official capacity, the claims are barred by the Eleventh Amendment. Any official capacity claim fails because the Pennsylvania Office of the Attorney General . . . share[s] in the immunity conferred to the States by the Eleventh Amendment.").

Furthermore, any § 1983 claims asserted against the Deputy Attorney General in their individual capacity are not plausible and must also be dismissed. Although Davis alleges that the

6

Deputy Attorney General acted as defense counsel in two civil actions without being a licensed attorney, even assuming this were true,[3] Davis does not allege that he suffered any constitutional harm as a result of the representation. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable). Moreover, the underlying civil matters that Davis filed—Davis v. Mooney, et al., No. 14-1423 (M.D. Pa.) and Davis v. Pennsylvania Department of Corrections, No. 17-846 (E.D. Pa.)—are both publicly available dockets. "As a general rule judicial records such as pleadings and other papers filed with the court in civil actions are public documents available for inspection and review by any interested person." Dombrowski v. Bell Atl. Corp., 128 F. Supp. 2d 216, 217 (E.D. Pa. 2000). By filing his complaints in the federal court and not requesting that either be placed under seal, Davis himself—and not the Deputy Attorney General—"placed [his] information on the internet." (Compl. at 6.) Thus, the Deputy Attorney General cannot be liable for violating any privacy rights of Davis. Accordingly, all § 1983 claims against the Deputy Attorney General and the Attorney General's Office will be dismissed. Nor can the Court discern any other plausible basis for a federal claim against these Defendants from the facts alleged.

    **C.**    **Possible Claims against the United States District Court for the Eastern District of Pennsylvania**

Although Davis does not name as a Defendant the United States District Court for the Eastern District of Pennsylvania, he alleges that the Court violated his First Amendment right to privacy and confidentiality by "placing" his "suit . . . on the public internet." (Compl. at 3.)

---

[3] In each of the two cases referenced by Davis, the public dockets reveal that the Deputy Attorney General entered an appearance and provided an attorney identification number, thus indicating the Deputy Attorney General was a licensed attorney in the Commonwealth of Pennsylvania. See Davis v. Mooney, et al., No. 14-1423 (M.D. Pa.), at ECF No. 20; Davis v. Pennsylvania Department of Corrections, No. 17-846 (E.D. Pa.), at ECF No. 9.

However, all claims asserted against this Court must be dismissed. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). The United States District Court for the Eastern District of Pennsylvania is part of the judicial branch of the federal government, and is therefore entitled to sovereign immunity absent a waiver. See Alston v. Admin. Offices of Delaware Courts, 663 F. App'x 105, 108 (3d Cir. 2016) (per curiam). Because sovereign immunity has not been waived to allow for the type of claims asserted by Davis against the Court, Davis's claims against the United States District Court for the Eastern District of Pennsylvania will be dismissed. See Brown v. United States Dist. Ct. for E. Dist. of Pennsylvania, 740 F. App'x 239, 240 (3d Cir. 2018) (per curiam) (affirming dismissal of claims against the United States District Court for the Eastern District of Pennsylvania on sovereign immunity basis).

### D.     Possible State Law Claims

To the extent that Davis intended to assert state law claims against the Jane Doe attorney Defendants based upon their representation of him in the underlying civil matter, this Court lacks original jurisdiction over those claims. One possible basis for a federal court to exercise jurisdiction over a state law claim is under 28 U.S.C. § 1332(a), which grants a district court jurisdiction over civil actions between citizens of different States where the amount in controversy exceeds $ 75,000. Complete diversity is required, meaning that "every plaintiff must be of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006); Lincoln Ben. Life Co., 800 F.3d 99, 104 (3d Cir. 2015). An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain. See Washington v. Hovensa, LLC, 652 F.3d 340, 344 (3d Cir. 2011). Although Davis does not allege his citizenship, he lists a Pennsylvania address for himself as well as for at least some of the named

However, all claims asserted against this Court must be dismissed. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). The United States District Court for the Eastern District of Pennsylvania is part of the judicial branch of the federal government, and is therefore entitled to sovereign immunity absent a waiver. See Alston v. Admin. Offices of Delaware Courts, 663 F. App'x 105, 108 (3d Cir. 2016) (per curiam). Because sovereign immunity has not been waived to allow for the type of claims asserted by Davis against the Court, Davis's claims against the United States District Court for the Eastern District of Pennsylvania will be dismissed. See Brown v. United States Dist. Ct. for E. Dist. of Pennsylvania, 740 F. App'x 239, 240 (3d Cir. 2018) (per curiam) (affirming dismissal of claims against the United States District Court for the Eastern District of Pennsylvania on sovereign immunity basis).

### D.     Possible State Law Claims

To the extent that Davis intended to assert state law claims against the Jane Doe attorney Defendants based upon their representation of him in the underlying civil matter, this Court lacks original jurisdiction over those claims. One possible basis for a federal court to exercise jurisdiction over a state law claim is under 28 U.S.C. § 1332(a), which grants a district court jurisdiction over civil actions between citizens of different States where the amount in controversy exceeds $ 75,000. Complete diversity is required, meaning that "every plaintiff must be of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006); Lincoln Ben. Life Co., 800 F.3d 99, 104 (3d Cir. 2015). An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain. See Washington v. Hovensa, LLC, 652 F.3d 340, 344 (3d Cir. 2011). Although Davis does not allege his citizenship, he lists a Pennsylvania address for himself as well as for at least some of the named

Defendants. Thus, it appears that diversity jurisdiction is lacking over Davis's claims. Because Davis's federal claims will be dismissed, I decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. See Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). Accordingly, Davis's state law claims will be dismissed without prejudice for lack of jurisdiction.

### IV.     CONCLUSION

For the foregoing reasons, the Court will grant Davis leave to proceed in forma pauperis and dismiss his Complaint. The federal claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The state law claims are dismissed without prejudice for lack of subject matter jurisdiction. Leave to amend will not be given as any attempt to amend would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108, 110 (3d Cir. 2002). A final Order follows.